THE RODGERS COAL COMPANY V. WILLIAM MORGAN.

1. NEW TRIAL; *Findings not Sustained by the Evidence.* In a case in which a jury answering special interrogatories ignores the evidence, and says that there is no evidence that an injury was caused by digging a trench, when the evidence satisfies an ordinary mind that the digging was the immediate cause of the injury; and attributes the injury to faults in original construction, when there is not sufficient evidence to sustain such a finding, the judgment must be reversed, and a new trial ordered.

2. JURY, *not to Jump at Results.* A disposition on the part of a jury to jump at results on a general theory of right and wrong, instead of patiently grasping, arranging and considering the details of transactions, will not be encouraged or permitted.

*Error from Crawford District Court.*

ACTION to recover damages for bodily injuries. Trial at the January term, 1887, and verdict and judgment for plaintiff *Morgan,* for $500 damages. The defendant company brings the case to this court. The facts appear in the opinion.

*Ed. Van Gundy,* for plaintiff in error.

*D. B. Van Syckel,* for defendant in error.

Opinion by SIMPSON, C.: The plaintiff below brought this action to recover for personal injuries inflicted on him on the 6th day of November, 1885, while working under the direction and by the express command of the pit boss, by the fall of a part of the wall of an entry in the coal mine of the defendant company. The pit boss — whose authority to direct the work and employ and discharge workmen seems to be admitted —

directed Morgan and others to dig a ditch from the end of the main entry, running north and south, to a cross-entry that ran west. This ditch was to be from ten to sixteen inches deep, and from eight to ten inches wide — the object being to drain off water that had accumulated in a room to which the cross-entry running west, led. They dug the ditch the length of the main entry, and then turned west, and had gone perhaps thirty feet, when the accident occurred. At this point is what miners call a "horseback," composed of fire-clay, and other foreign material. This horseback was supported by two posts about three feet apart, resting on caps, and on the top of each of these two posts, caps supported the horseback. The horseback had been thus supported ever since the entry was made, in the last days of September. The theory upon which the evidence was introduced and the case went to the jury was, that the digging of this ditch so near the supporting posts, caused the earth about the post to crumble and slide into the ditch and the post to fall, and this let a large portion of the horseback onto Morgan, striking him on the side, and throwing him onto the track used by the coal cars, covering his legs with the fire-clay, and injuring him very seriously.

While the petition of the plaintiff below alleges that at the time of the making of the entry the horseback was not properly or carefully supported, there was no evidence offered tending to establish it; but on the contrary, James Broscoe, the first witness for the plaintiff below, testified that in his judgment (and he was a coal miner with forty-four years' experience), the accident would not have happened if the earth had not been loosened around the bottom of the supporting posts by the digging of the ditch. Holliday, the man who made the entry, and who placed the supports in position and worked beyond them in completing the entry, and would necessarily have some regard for his own safety, testified that they were safe. He is a miner with a large experience. We will not stop to rehearse the whole evidence, but suffice it to say that there was practically no evidence tending to show negligence or want of care in the original construction, except an opinion

by Morgan, who never saw the support until after he was injured. There was sufficient evidence to satisfy the ordinary mind that the immediate cause of the injury to Morgan was occasioned by the construction of the ditch, in digging too close to the caps and supporting posts, this loosening the earth and causing one of the posts to fall. . But the jury in their answers to special interrogatories find that there was no evidence as to what was the immediate cause of the falling of the prop in the west entry. And they say again in answer to the fourth special interrogatory, that there is not sufficient evidence to find that the digging of the ditch by the said employés in the west entry was the cause of the falling of the said wall and roof of the entry. But they do find specially, that the coal company was guilty of slight negligence in the construction of the west entry, in not having the props on the north side of the entry properly secured. We have scanned this record closely to try to discover the motive that prompted the jury to come to such conclusions, and to return such answers to the special interrogatories. We say again, that the evidence offered at the trial fairly established that the digging of this ditch, at the place and in the manner directed by the pit boss, was the immediate cause of the injury to Morgan, and why the jury should have found that there was not sufficient evidence on this point, is beyond our comprehension. According to their findings, the digging of the ditch was not the immediate cause of the injury. They find that the coal company was guilty of slight negligence in the construction of the west entry, in not having the props on the north side of the entry properly secured.

It is only a matter of inference that it can be said that this finding applies to the post that fell and precipitated a mass of fire-clay on Morgan. The jury were asked if the negligence of the company in the original construction was slight, ordinary, or gross, and they said it was slight. The trial court having submitted these questions to the jury, it may be said that there must have been some evidence of negligence in making the entry, but there was none except a declaration by

the injured man, who testified he never noticed the props until after the accident happened; that the support was not constructed in the same manner as others in the same mine. The slight negligence of the company in the construction of the entry and the support of the wall, might not render the coal company liable for the injuries to Morgan. This court has said, in *Morrow v. Comm'rs of Saline Co.*, 21 Kas. 484:

"Answers should be direct and positive. A case is to be tried on the evidence, and according as an alleged fact is or is not established by that evidence, it does or does not for the purposes of that case exist. The main object of special questions is to bring out the various facts separately, in order to enable the court to apply the law correctly, and to guard against any misapplication of the law by the jury. It is a matter of common knowledge that a jury influenced by a general feeling that one side ought to recover, will bring in a verdict accordingly, when at the same time it will find a certain fact to have been proved which in law is an inseparable barrier to a recovery in accord with the general verdict. And this does not imply an intentional dishonesty in the jury, or a failure on the part of the court to instruct correctly, but rather a disposition to jump at results upon a general theory of right and wrong, instead of patiently grasping, arranging, and considering details. Scarcely any jury will, when questioned as to a single separate fact, respond that it exists, without some sufficient evidence of its existence. Its response will as a rule be correct, if direct, and if not correct, then evasive and equivocal. And such evasive and equivocal answers always cast suspicion on the verdict."

The case will have to be reversed because of the conduct of the jury in returning their special findings. There is not sufficient evidence to support the verdict upon the theory of negligence in construction. This view renders it unnecessary to notice the exceptions to the very voluminous instructions.

We recommend that the judgment be reversed, and the cause remanded with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.